THE STATE, EX REL. DAKE, *v.* ALVIS, WARDEN.

(No. 5600—Decided April 24, 1957.)

*Miss Cecile Shapiro,* for petitioner.

*Mr. William Saxbe,* attorney general, and *Mr. Louis H. Orkin,* for respondent.

BRYANT, J. This is an action in habeas corpus originating in this court by Leonard Dake, a prisoner in the Ohio Penitentiary, as petitioner. He names as respondent Ralph W. Alvis, Warden of the Ohio Penitentiary, in whose official custody

he now is under sentence from the Lucas County Common Pleas Court.

By agreement of the parties, oral argument was dispensed with, the petitioner waived his right to be present in court, and the cause was submitted upon briefs of the parties.

The pleadings in this case include Dake's petition and the return of the writ on behalf of Warden Alvis. Attached to Dake's petition is what is described as a certified copy of the criminal docket sheet of the Lucas County Common Pleas Court containing trial docket orders and motion docket entries in Dake's case in that court. The facts in this case apparently are not in dispute. No testimony was submitted, and the facts available must be obtained from an exhibit attached to the petition and the return of the respondent. It appears that Dake and certain others were charged with unlawfully, maliciously and forcibly breaking and entering the office of Welders Needs, Inc., with intent to steal personal property on or about October 20, 1955, and, further, that the same defendants on the same date were charged with stealing a check protector, one typewriter, postage stamps of a total value of $150, and $12 in money belonging to the corporation. The case came on for hearing in the Toledo Municipal Court, which on October 27, 1955, bound the case of Dake and the others over to the Common Pleas Court, and hence to the Grand Jury of Lucas County. On November 22, 1955, the grand jury filed an indictment containing two counts. In the first count Dake and two others were charged with burglary above referred to and in the second count the same defendants were charged with grand larceny above referred to.

On December 1, 1955, Dake was arraigned in the Lucas County Common Pleas Court, without counsel, before Common Pleas Court Judge Harry G. Straub, who has since resigned from that position according to the official roster of Secretary of State Ted W. Brown, which we judicially notice. On December 22, 1955, Dake again appeared in Lucas County Common Pleas Court before Judge John M. McCabe. Dake was represented at that time by his attorney, Jesse S. Heslip, and the case was assigned for trial, Thursday, January 26, 1956, by order of Judge McCabe.

On February 9, 1956, Dake again was present in the Lucas County Common Pleas Court with Attorney Heslip, at which time he pleaded guilty "as charged in the indictment," that is, to the separate counts of burglary in the night season with intent to steal and grand larceny. The certified copy of the trial docket indicates that he appeared at that time before "Judge Stahl." (The roster of the Secretary of State does not disclose any Judge Stahl as a member of the Lucas County Common Pleas Court but does carry the name of Judge Thomas D. Stahl of Port Clinton as Judge of the Ottawa County Common Pleas Court. Ottawa County abuts Lucas County, and it may well be that Judge Thomas D. Stahl was sitting in the Lucas County Common Pleas Court by assignment.) In any event, Dake says of the proceedings that day:

"Petitioner * * * in the court of Lucas County, and being represented by counsel, appeared before Judge Stahl of Lucas County on February 9, 1956, and entered a plea of guilty as charged in the indictment. The case was then referred to the Lucas County Adult Probation Department for investigation."

The next item appearing on the certified copy of the criminal docket sheet from the Lucas County Common Pleas Court is dated March 1, 1956, and indicates that Dake was in court and was sentenced separately under the two counts of the indictment, the court order providing among other things, "these two sentences thus imposed shall be served consecutively." The sentencing of Dake was by Judge McCabe.

The sole question in this case is whether the judge before whom the defendant entered a guilty plea, in this case Judge Stahl, is the only one who can impose sentence. At least it would appear that the petitioner urges that there must be a showing of communication from the judge who took the guilty plea to the judge who imposed the sentence of the facts and statements made by counsel for the accused in mitigation of the crimes charged.

A plea of guilty is one of the five pleas authorized by the Criminal Code (Section 2943.03, Revised Code), and the Criminal Code specifically authorizes such plea to be made orally (Section 2943.04, Revised Code).

A plea of guilty in open court has sometimes been called

the highest form of conviction. In this case, the defendant at the time of entering the guilty plea was accompanied by an attorney who, according to the record, has been in the employment of this defendant for nearly seven weeks.

In 15 Ohio Jurisprudence (2d), 406, Criminal Law, Section 200, it is said:

"A plea of guilty is far-reaching in its operation and effect. It is equivalent to the general issue and a finding thereon against the defendant; it has all the force and effect of a verdict of a jury. A plea of guilty admits the venue of the crime, and is regarded as an admission of every material fact well pleaded in the indictment, and is a confession of the charge for all purposes. It dispenses with the necessity of proof and authorizes the court to proceed to judgment. * * *"

It must be borne in mind that both burglary of an office in the night season with intent to steal and grand larceny are felonies. Dake did not have either constitutional, statutory or any other kind of right to probation. If sentence were deferred and the defendant placed on probation, it would not be because defendant had a "right" to it. Before pronouncing judgment, it was the duty of the court to inquire of Dake "whether he has anything to say as to why judgment should not be pronounced against him." (Section 2947.05, Revised Code.) That was all that was required. If such defendant "does not show sufficient cause as to why judgment should not be pronounced, the court shall pronounce the judgment." (Section 2947.07.)

That this was done by Judge McCabe on March 1, 1956, is clearly shown by a certified criminal docket sheet of the Lucas County Common Pleas Court, wherein it is shown that on that date Dake was in court and, having previously pleaded guilty, "was inquired of if he had anything to say why sentence should not be pronounced against him. No good and sufficient reason being given, it is ordered that said defendant be confined," etc.

The fact that Judge Stahl, on February 9, 1956, did not then and there proceed to sentence Dake did not vest Dake with any new rights or privileges. The deferring of the imposition of the sentence and placing the defendant on probation is an act of grace and mercy so far as the state is concerned and is not a matter of right with any defendant. The court is not per-

mitted to extend probation except when it appears to it that "* * * the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced * * *." (Section 2951.02, Revised Code.)

Even where the court feels that probation may be justified, the court may not extend it until the court refers the matter to the county probation officer and receives and considers a written report of investigation by the probation officer. (Section 2951.03, Revised Code.)

The official records disclose that the Dake case was referred to the probation department, and this court is entitled to presume that the Lucas County Probation Department and the Common Pleas Court performed all the duties imposed upon them by law, namely, preparation of a report and the consideration thereof by the sentencing judge.

Hence, it is the opinion of this court that Dake is not unlawfully deprived of his liberty but, on the contrary, is imprisoned in the Ohio Penitentiary under a valid order of the Lucas County Common Pleas Court. The petition for a writ of habeas corpus is not well taken and is dismissed at the costs of the petitioner.

*Petitioner remanded to custody.*

PETREE, P. J., and MILLER, J., concur.