THE STATE OF OHIO, APPELLEE, *v.* McKINLEY, APPELLANT.

(No. 44091—Decided June 17, 1982.)

Mr. John T. Corrigan, prosecuting attorney, for appellee.

Mr. Dallan W. Martin and Mr. Mark I. Wachter, for appellant.

CORRIGAN, J. Defendant-appellant, Leon McKinley, and his co-defendant, Steve Lawson, were charged with breaking and entering and grand theft, violations of R.C. 2911.13 and 2913.02, respectively.

The presentation of testimony commenced on Wednesday afternoon, April 29, 1981, but had to be continued due to the illness of the trial judge. The court was in recess until Tuesday, May 5th, so that the substitute judge could familiarize herself with the case. Pursuant to Crim. R. 25, Judge Ann McManamon certified that she had familiarized herself with the record of the trial and had reviewed the absent judge's notes, and the trial proceeded.

Defense counsel moved for a mistrial, fearing that the delay may have antagonized the jury and caused them to forget their initial instructions and to speculate on the reason for the delay. The judge proceeded to poll the jury to allay counsel's fears. Trial continued with the testimony of the police officers who had arrested appellant. They testified that they had observed two males handling boxes in a pickup truck at 3:00 a.m., January 19, 1981. When they approached the truck, the males fled on foot and the officers followed. Once apprehended and given their rights, the males were questioned as to where the boxes came from. Appellant replied that he and Lawson had broken into a boxcar which contained the boxes. Indeed, the boxes were part of a shipment from Kelloggs to Seaway Foods via Conrail.

On May 6, 1981, the jury found appellant guilty of criminal trespass and grand theft. He was sentenced to two to five years at the Ohio State Reformatory. This timely appeal followed, in which appellant assigns these two errors for review:

"I. The trial court erred by not granting appellant's motion for a mistrial following the substitution of judges and a delay in the proceedings, thereby depriving appellant of his rights to a fair trial and due process of law.

"II. The trial court erred by overruling appellant's challenge to the entire array of the jury panel."

I

Appellant argues that the five-day delay prejudiced him and that the substitution of the trial judge, "midtrial," deprived him of a fair trial. He contends that the absence of a transcript made complete familiarization with the testimony difficult.

First, we take note that the jury heard the partial testimony of one witness on April 29th before the 4:30 p.m. recess. This witness' testimony was substantially repeated for the jury, as well as the judge, on May 5th. Contrary to appellant's assertion, this constituted only a three-day delay since the jury certainly would have been excused for the weekend. Further, the judge went to great length to poll the jurors to ensure their proper frame of mind. Thus, we fail to see how any prejudice resulted from this minor delay at the start of trial.

Secondly, in regard to appellant's contention that prejudice resulted from the mid-trial substitution of a judge without a transcript, we note that the substitution occurred far from the mid-trial stage. As discussed above, only one witness' direct examination had taken place. This direct examination was resumed at approximately the halfway point of his earlier testimony. Thus, in essence, only six pages of transcript were "lost,"

and most of this consisted merely of introductory matters. We also note that appellant cites no essential material from these pages which could have affected the outcome of the case and resulted in prejudice by its omission.

Appellant places great reliance on *Mason* v. *State* (1904), 5 Ohio C.C. (N.S.) 113, to support his claim that the delay and substitution of a trial judge necessitate reversal. However, even the Ashtabula County Circuit Court recognized that there might be "* * * certain preliminary duties which a judge may perform and the case afterward be continued and completed by a different judge * * *." *Id.* at 117. Moreover, *Mason* is easily distinguished from the case at bar. In *Mason,* the jurors were separated for eighteen days and left open to outside influences in a "case exciting so much public interest." *Id.* at 118. Further, the substitute judge heard absolutely none of the evidence and thus observed none of the witnesses. Here, by contrast, there was only a minor delay, and the judge heard practically all the testimony and observed all the witnesses.

Next, appellant cites *Freeman* v. *United States* (C.A. 2, 1915), 227 F. 732, to support his contention that it is essential to a constitutional trial that there be the continuous presence of one judge. It is now accepted that a defendant may waive this right either by consent to the substitution or by failure to object. *Patton* v. *United States* (1930), 281 U.S. 276; *Randel* v. *Beto* (C.A. 5, 1965), 354 F.2d 496, certiorari denied (1967), 387 U.S. 935; *Simons* v. *United States* (C.A. 9, 1941), 119 F.2d 539, certiorari denied (1941), 314 U.S. 616. The court in *Simons* referred to the holding of *Patton* that since the right to a jury trial may be waived, it would be unreasonable not to give effect to the waiver, and said:

"On like principles we hold that since the District Court had jurisdiction of the subject matter * * * subject only to the controlling provisions of the Constitution, and since the right to a jury trial, including the right to have the same judge proceed throughout the trial, as preserved by Article III, Section 2 of the Constitution, is a privilege which the accused may forego at his election, it would be unreasonable to leave the Court powerless to give effect to the waiver. We hold that the Court has authority in the exercise of a sound discretion to accept the waiver, and as a necessary corollary, to proceed to the trial and determination of the case with the substituted judge." *Id.* at 544.

Crim. R. 25(A), governing the disability of a judge during trial, provides:

"If for any reason the judge before whom a jury trial has commenced is unable to proceed with the trial, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may proceed with and finish the trial, upon certifying in the record that he has familiarized himself with the record of the trial. If such other judge is satisfied that he cannot adequately familiarize himself with the record, he may in his discretion grant a new trial."

Professor Wright states that Fed. R. Crim. P. 25(a), which is substantially similar to Crim. R. 25(A), poses no constitutional problem if the defendant consents to the substitution of judges during trial, but in the absence of consent, Fed. R. Crim. P. 25(a) cannot be applied and the death or disability of the judge requires that a mistrial be granted. 2 Wright, Federal Practice & Procedure, Section 392.

Our review of the record reveals that appellant raised no objection at trial to the substitution of judges. Rather, the sole objection at the point of substitution concerned the delay involved and its possible effects upon the jury. In the absence of appellant's objection to the substitution, it may be presumed that he consented. *Bow-*

*man* v. *Alvis* (1950), 88 Ohio App. 229, 232 [44 O.O. 389].

Even if appellant had timely objected to the substitution, we find that the court's full compliance with Crim. R. 25(A) and the particular stage in the proceedings rendered any error harmless. During oral argument before this court, appellant argued that the judge's inability to observe the demeanor of the witness during his earlier testimony prejudiced appellant. However, this was one of those rare instances in which witness credibility was not a factor. See *Welsh* v. *Brown-Graves Lumber Co.* (1978), 58 Ohio App. 2d 49 [12 O.O.3d 192]. Not only was the jury, the ultimate factfinding body, present throughout the entire testimony of this witness, but the judge also heard his testimony and observed his demeanor upon starting the trial after substitution. In addition, the witness' partner testified to the same events surrounding appellant's arrest. Hence, the lack of being able to observe the demeanor of this one witness during a small portion of his testimony had an inconsequential effect on the determination of the issues and did not prejudice appellant.

Substitution of judges after trial has begun should be employed only in extraordinary circumstances where no prejudice results. Crim. R. 25(A) must be carefully implemented, and the record should clearly indicate that the judge has familiarized himself with the case and, preferably, should stipulate that the defendant consents to the substitution. The instant appeal presented a rare case in which the substitute judge in effect conducted the entire trial, being absent during just the partial testimony of one police witness. Here, substitution was a matter of necessity, where the due administration of justice made it imperative, and no prejudice resulted.

We conclude that there was no fundamental or constitutional bar to the substitution of judges after the partial testimony of one witness and that ap-

pellant is bound by his implicit agreement that trial proceed with the substitute judge presiding. Thus, the first assignment of error is overruled.

II

In his second assignment of error, appellant asserts that the exposure of approximately half the jury to his defense counsel, whose client in prior proceedings had "copped out," left an ineradicable taint on the panel and denied his right to an impartial jury. Appellee, on the other hand, argues that appellant had the opportunity at voir dire to substantiate this fear.

We agree with appellee that appellant could have demonstrated the truth of his allegation during voir dire. Since we have no record of such proceedings, we indulge in the presumption of regularity. Moreover, we find appellant's theory that the jury would associate his counsel only with guilty defendants highly tenuous. Thus, the second assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, P.J., and PARRINO, J., concur.