DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Erie County Court of Common Pleas. On December 19, 1997, appellant, Jeffery Moore, entered a guilty plea to the charge of complicity to breaking and entering, a violation of R.C. 2923.03(A) and 2911.13(A). He also entered guilty pleas to three counts of trafficking in cocaine, violations of R.C. 2925.03(A). He was sentenced to serve eleven months in jail for the breaking and entering and a consecutive two year term in prison for the trafficking charges. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT AFFORDING DEFENDANT-APPELLANT ALL OF HIS RIGHTS UNDER CRIMINAL RULE 11 AT THE TIME DEFENDANT-APPELLANT ENTERED HIS PLEA HEREIN.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HAVING A JUDGE SENTENCE DEFENDANT-APPELLANT WHO WAS NOT THE SAME JUDGE WHO ACCEPTED DEFENDANT-APPELLANT'S PLEA."
Crim.R. 11(A)(2) states:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
In accepting a guilty plea, substantial compliance with Crim.R. 11(C) is required. State v. Nero (1990), 56 Ohio St.3d 106,108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
The following Crim.R. 11 colloquy took place in this case.
 "The Court: Okay. Mr. Moore, then you wish to enter guilty pleas in both of these cases and the one case to a felony of the fifth degree and the other case three felonies of the fourth degree; is that right?
 "The Defendant: Yes, ma'am.
"* * *
 "The Court: And you understand that by entering guilty pleas you're giving up your right to a jury trial?
 "The Defendant: Yes.
 "The Court: Do you know that if you went to trial the State has to prove your guilt beyond a reasonable doubt and all twelve jurors would have to unanimously agree to convict you?
 "The Defendant: Yes, your honor.
 "The Court: Do you understand — you do understand, right?
 "The Defendant: Yes.
 "The Court: Do you understand that if you went to trial, you would have the right to confront and your attorney has the right to cross-examine or ask any question of the State's witnesses?
 "The Defendant: Yes, your honor.
 "The Court: Do you know if you went to trial, you would have the right to compel witnesses on your own behalf?
 "The Defendant: Yes.
 "The Court: Do you know that if you went to trial, you would have the right to compel witnesses on you own behalf?
 "The Defendant: Yes.
 "The Court: Do you know that if you went to trial, you yourself could not be forced to take the witness stand?
 "The Defendant: Yes.
 "The Court: And if you decided not to testify, the jury couldn't automatically find you guilty just because you chose not to take the witness stand; do you know that?
 "The Defendant: (No audible response.)
 "The Court: And do you know that if you chose not to testify, the jury would be told that you have a constitutional right not to testify; do you know that?
 "The Defendant: Yes, your honor.
 "The Court: And are you willing to give up all of those rights that go along with the right to a jury trial by entering these guilty pleas?
 "The Defendant: Yes, your honor.
 "The Court: And what's the possible penalty for — we'll start with the lesser of all of them, the felony of the fifth degree first?
"* * *
 "The Defendant: Six, seven, eight, ten, or nine, ten, eleven, twelve, months.
 "The Court: Right. Possible how much fine?
"The Defendant: Two thousand five hundred dollars.
 "The Court: Okay. And how about the felony of the fourth degree, what's the possible sentence for them?
 "The Defendant: Six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen months.
 "The Court: Okay. And you know that if you would have to serve out any time, the court could choose to run the — all the sentences concurrent, meaning at the same time, or could run them consecutively, meaning one would be added to another; do you know that?
 "The Defendant: Yes.
 "The Court: Okay. Now, do you have a valid driver's license?
 "The Defendant: No.
"The Court: Have you ever had one?
"The Defendant: Yeah, but it's been suspended.
 "The Court: Suspended. Okay. Well, under this — these trafficking cases, you license, you can be precluded from applying for a driver's license anywhere from six months up to five years; do you know that?
 "The Defendant: Yes.
 "The Court: Possible fines on those trafficking cases is what?
 "The Defendant: Five thousand dollars.
 "The Court: Okay. All right, now, are you on probation, parole, community control or post-release control right now?
 "The Defendant: No.
 "The Court: Now the following apply if you would be sent to the institution, to prison. You know there is no such thing as good time credit any longer in the institution?
 "The Defendant: Yes.
"The Court: Do you know what that means?
"The Defendant: Yeah, I —
"The Court: What's your understanding of that?
"The Defendant: Good time?
"The Court: Right, there being no good time credit?
"The Defendant: That I would have to serve out my time.
 "The Court: Right. If I would give you a year and all counts were run concurrent, you would serve a year, right?
 "The Defendant: Yes.
 "The Court: Okay. There is such a thing called bad time, however, that is, if you would commit a crime while you're in prison —
 "The Defendant: Yes.
 "The Court: — the parole board could add on to your sentence for 15, 30, 60 or 90-day periods of time for each violation, up to one-half of your total stated prison term could be added on; do you know that?
 "The Defendant: Yes, your honor.
 "The Court: And there are terms and conditions, if you would violate those, it could result in more restrictive sanctions being imposed, increased duration of supervision or control, or the parole board could return you to prison for up to nine months for each violation — well, on those three traffickings, but for a total of one-half of your originally stated prison term?
 "The Defendant: Yes, I understand —
 "The Court: All right, now, on the other side of the coin is what's called community control, that's where the Court here would set your terms and conditions, you would be supervised by the adult probation department here locally and if you would violate any of those terms or conditions, then the court could extend you time for which you are on community sanctions for a maximum of up to five years, the court could impose more restrictive sanctions or the Court could then send you to the institution for the maximum term allowed for these offenses, which is, in one case it's 18 months — or three counts of 18 months and the other count is twelve months; do you understand all that?
 "The Defendant: Yes, your honor."
Following this exchange, the court accepted appellant's pleas and found him guilty. The court then referred appellant to the probation department for a presentence investigation report.
The purpose of Crim.R. 11 is to "convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty." State v.Ballard (1981), 66 Ohio St.2d 473, 479-480. Although the trial judge in this case failed to inform appellant that he could proceed to judgment and sentence upon acceptance of appellant's pleas, we conclude, based on a review of the extensive colloquy quoted above, that the judge substantially complied with Crim.R. 11(A)(2) and that appellant subjectively understood the implications of his pleas and the nature of the rights he was waiving. Moreover, we note that the trial court did not immediately proceed to sentencing upon acceptance of appellant's pleas. Accordingly, appellant's first assignment of error is found not-well taken.
In his second assignment of error, appellant contends the court erred in allowing a substitute judge to preside at his sentencing. This assignment of error is without merit as appellant failed to object prior to sentencing. See State v. Pecina (1992),76 Ohio App.3d 775. Appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
PETER M. HANDWORK, J., JUDGE, MELVIN L. RESNICK, J., JUDGE, MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.