OPINION.
{¶ 1} Defendant-appellant Ademola Adewusi appeals his domestic-violence conviction. Adewusi was charged with domestic violence after he and his wife, Susan Adewusi, were involved in an altercation at their residence. Adewusi waived his right to a jury trial, and the case proceeded to a bench trial in Hamilton County Municipal Court.
 {¶ 2} On the first day of trial, the state presented three witnesses: Susan Adewusi; Susan's son, Dominique Dorman; and Police Officer Steven Luensmar, who had arrested Adewusi. Susan Adewusi testified that she and her husband had had a heated argument that became physical after Adewusi grabbed her and they began wrestling. Dorman demonstrated to the court the physical contact between his mother and Adewusi that he had observed. At the end of the first day, the trial court continued the case to a later date.
 {¶ 3} During the continuance, the assigned judge resigned from the municipal court. A successor judge was appointed to fill the vacancy and presided over this case.
 {¶ 4} When the trial resumed, Adewusi moved for a mistrial, arguing that he would be prejudiced by the substitution because the case involved issues of credibility. The trial court overruled the motion but continued the proceedings to read the transcript from the first day of trial. After the trial resumed, the state rested. Adewusi again moved for a mistrial, adding to his prior argument that his wife had failed to respond to his trial subpoena. The trial court again overruled the motion. Adewusi then testified that his wife and her son had been the aggressors and that they had attacked him. After hearing this testimony, the court found Adewusi guilty, citing Susan Adewusi's testimony that her husband had been the aggressor. *Page 3 
 {¶ 5} In this appeal, Adewusi argues that the trial court erred in denying his motion for a mistrial. Additionally, he challenges his conviction as against the manifest weight of the evidence.
 {¶ 6} No criminal rule expressly addresses the use of a substitute judge before a finding of guilt in a bench trial. But Crim. R. 25(A) expressly addresses a related situation: the use of a substitute judge before a verdict in a j ury trial.
 {¶ 7} Before a substitution can occur under Crim. R. 25(A), the original judge must be unable to proceed and the successor judge must "certif[y] in the record that he has familiarized himself with the record of the trial."[1] A judicial substitution before a jury verdict should occur only in extraordinary circumstances and where no prejudice will result.[2] Crim. R. 25(A) expressly provides the successor judge with discretion to grant a mistrial if he "is satisfied that he cannot adequately familiarize himself with the record. "[3]
 {¶ 8} The state argues that Crim. R. 25(A) applies equally to judicial substitutions in bench trials, and that the substitute judge in this case did not abuse his discretion in denying a mistrial because he had complied with the rule by reading the transcript from the first day of trial.
 {¶ 9} The state's position, however, is untenable. The rule cannot apply equally in bench trials and in jury trials because to do so would ignore the important role of the fact-finder in assessing the credibility of the witnesses, weighing the evidence, and viewing demonstrative testimony. In a bench trial, the court is the fact-finder, and this fact-finding role cannot be adequately filled by a substitute judge.[4] The defect is irreconcilable with a fair trial. Because of this, the trial court, following a substitution, must do more than *Page 4 
comply with Crim. R. 25(A) before proceeding with a bench trial and making a finding of guilt.[5]
 {¶ 10} We are convinced that the rules committee purposely omitted bench-trial proceedings from Crim. R. 25(A), and that this is demonstrated by the committee's reference to bench trials in Crim. R. 25(B), which governs substitutions after fact-finding: "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge * * * may perform those duties." Thus, this section of the rule as written expressly applies in both jury and bench trials.
 {¶ 11} Moreover, courts have interpreted Civ. R. 63(A), the civil counterpart to Crim. R. 25(A), to apply differently in a bench trial than in a jury trial.[6] Civ. R. 63(A) does not allow a "judgment on the transcript" where the predecessor judge has not provided an evaluation of the testimony.[7]
 {¶ 12} Although Adewusi waived his right to a jury trial in this case, he did not waive his right to a fair trial in accordance with his Fifth Amendment right to due process. The trial court as fact-finder in this domestic-violence dispute was required to determine the credibility of the witnesses and to weigh all the evidence, including nontranscribed gestures demonstrating the contact between the spouses. But the successor judge missed critical portions of testimony and could not fulfill these fact-finding duties competently. *Page 5 
 {¶ 13} The trial court's failure to grant Adewusi's motion for a mistrial was erroneous and prejudicial under these facts, even if we assume that the court had complied with the Crim. R. 25(A) certification requirements that apply in a jury trial.
 {¶ 14} Accordingly, we sustain the first assignment of error because Adewusi was denied fundamental fairness in the proceedings below.
 {¶ 15} We reverse the trial court's judgment and remand the case for a new trial. This disposition renders Adewusi's additional assignment of error moot.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., and HENDON, J., concur.
[1] Crim. R. 25(A).
[2] State v. McKinley (1982), 7 Ohio App.3d 255, 258,455 N.E.2d 503.
[3] Crim. R. 25(A).
[4] See State v. Kainrad (Aug. 4, 1989), 11th Dist. No. 1954;Welsh v. Brown-Graves Lumber Co. (1978), 58 Ohio App.2d 49, 51,389 N.E.2d 514.
[5] Kainrad, supra.
[6] Welsh, supra; Arthur Young Co. v. Kelly (1990),68 Ohio App.3d 287, 558 N.E.2d 233.
[7] Arthur Young at 295. *Page 1