OPINION *Page 2 
{¶ 1} Defendant-appellant Frank Carosella appeals from his sentence entered in the Mahoning County Common Pleas Court. He contends his rights under Crim. R. 25(B) were violated where a different judge sentenced him than the one who accepted his guilty plea. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Appellant was indicted for possession of crack cocaine, a fifth degree felony due to the weight being under a gram. As can be seen by his July 2007 motion to suppress, his case was apparently assigned to Judge Cronin's court. On August 23, 2007, he entered a plea agreement whereby the state agreed to amend the charge to first degree misdemeanor attempted possession of cocaine and to stand silent at sentencing in return for appellant's guilty plea.
 {¶ 3} The plea hearing proceeded that day in front of Judge Bannon, a visiting judge temporarily appointed by the Supreme Court due to Judge Cronin's retirement. Rather than proceed to sentencing that day, Judge Bannon ordered a presentence investigation. On September 12, 2007, Judge Bannon granted appellant's motion for a continuance of his October 24, 2007 sentencing hearing.
 {¶ 4} At the reset November 6, 2007 sentencing, appellant appeared before Judge Franken, who had been newly appointed by the governor to fill Judge Cronin's vacated seat. Appellant did not object to Judge Franken's presence or inquire as to Judge Bannon's absence. Judge Franken sentenced appellant to the maximum sentence of six months in jail and imposed the maximum fine of $1,000.
 {¶ 5} Appellant filed timely notice of appeal two days later, complaining in said notice of appeal about Judge Bannon's absence and claiming that Judge Bannon currently makes himself available to complete other cases in which he presided.
 ASSIGNMENT OF ERROR {¶ 6} Appellant's sole assignment of error provides:
 {¶ 7} "THE JUDGE BEFORE WHOM THE APPELLANT HAD BEEN FOUND GUILTY WAS AVAILABLE AND ABLE TO PERFORM THE DUTIES OF THE COURT, *Page 3 
THEREFORE PURSUANT TO CRIMINAL RULE 25, HE SHOULD HAVE SENTENCED APPELLANT."
 {¶ 8} Appellant claims a violation of Crim. R. 25(B) because Judge Bannon was available to sentence him on November 6, 2007. In support of his factual claim regarding Judge Bannon's availability, he asks this court to take judicial notice of the docket records in a local case where Judge Bannon sentenced a defendant on November 14, 2007 and another local case where Judge Bannon ruled on a motion on November 21, 2007 and presided over a jury trial from November 27 through November 30 and from December 3 through December 4, 2007. Appellant also urges that he objected at the first opportunity, two days after sentencing in the notice of appeal, claiming that Judge Franken's unexpected appearance at sentencing provided insufficient time to lodge an earlier objection to Judge Bannon's absence.
 {¶ 9} The state contends that appellant failed to timely object and thus consented to Judge Franken acting as the sentencing judge. The state alternatively insists that docket records from other common pleas court cases cannot be considered as they represent evidence de hors the record. The state points out that Judge Franken assumed Judge Cronin's docket upon her retirement and retirement constitutes an inability to preside under Crim. R. 25(A). See State v. Green (1997),122 Ohio App.3d 566, 571. However, as to this final argument, it is not Judge Cronin's ability to further preside that is being contested here; rather, it is Judge Bannon's ability. In any event, there are multiple reasons why appellant's argument is without merit.
 LAW ANALYSIS {¶ 10} Crim. R. 25, entitled "Disability of a judge," initially provides for the situation where a judge is unable to perform after commencing a jury trial. Crim. R. 25(A). More pertinently, the rule continues to state:
 {¶ 11} "After verdict or finding of guilt
 {¶ 12} "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. If such *Page 4 
other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial." Crim. R. 25(B).
 {¶ 13} The Supreme Court has stated: "This rule inferentially commands that unless unable to do so, the judge who presided at a criminal trial must also preside at post-conviction proceedings, including sentencing."Beatty v. Alston (1975), 43 Ohio St.2d 126, 127 (concluding that judge who had presided over defendant's criminal trial could vacate sentencing judge's sentence because it usurped trial judge's authority where he was available and able to sentence the defendant).
 {¶ 14} Various appellate courts have applied Crim. R. 25(B) to pleas. See State v. Lewis (Sept. 14, 2001), 2d Dist. No. 18735 (disagreeing with trial court's holding that Crim. R. 25(B) applies to trials not pleas merely on the grounds that other courts have applied the rule to pleas). See, also, State v. Peccina (1992), 76 Ohio App.3d 775, 778
(where the Sixth District applied Crim. R. 25(B) in a plea case without analysis but then found waiver by the defendant in any case). But, see,State v. Corradetti, 11th Dist. No. 2001-L-92, 2002-Ohio-6577, ¶ 10 (reviewing Crim. R. 25(B) in the case of plea but then stating "even if Crim. R. 25(B) has no application * * *").
 {¶ 15} However, under the plain language of the rule, Crim. R. 25(B) only applies to cases where the defendant went to trial. That is, "has been tried" means that a trial was held, and this phrase would not encompass those who waived trial and instead pled guilty. Moreover, the Supreme Court's restatement of the rule's requirement refers only to "the judge who presided at a criminal trial" and does not say "criminal trial or plea". Beatty, 43 Ohio St.2d at 127 (emphasis added). Certainly, the phrase "criminal trial" does not include a plea hearing.[1]
 {¶ 16} Furthermore, it has recently been held that a guilty plea is not a "verdict" or "findings" as used in another rule, Crim. R. 32(C). See State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 13 (a guilty plea is an admission of guilt and does not actually require a finding of guilt to be entered by the court), analyzing Crim. R. 32(C) (which defines a judgment and differentiates between a plea, a verdict and findings). *Page 5 
 {¶ 17} Regardless, there is also the problem of appellant's waiver. As appellant concedes, Crim. R. 25(B) must be timely raised or it is waived and the sentencing judge's presence is considered to be consensual.Peccina, 76 Ohio App.3d at 777-778 (defendant waived his right to challenge the authority of sentencing judge by his failure to make a timely objection prior to sentencing); State v. McKinley (1982),7 Ohio App.3d 255, 257 ("In the absence of appellant's objection to the substitution, it may be presumed that he consented."); Berger v.Berger (1981), 3 Ohio App.3d 125, 130 ("A party cannot await the decision with knowledge of the procedural irregularity before choosing to object to the defect if the decision is unfavorable."); Bowman v.Alvis (1950), 88 Ohio App. 229, 232 (waiver of criminal trial judge's replacement mid-trial).
 {¶ 18} Contrary to appellant's contention, in order to be timely, the objection should have been made at sentencing, not after sentencing and not to the court of appeals. A notice of appeal with extraneous content (complaints about the substitution) is not the proper place for raising arguments to a trial court or for originally asserting Crim. R. 25(B). As such, appellant is considered to have consented to Judge Franken presiding over his sentencing.
 {¶ 19} This ties into appellant's judicial notice argument. In general, evidence regarding Judge Bannon sitting on other cases is evidence that should have been produced and evaluated below. Had an objection been filed, Judge Bannon's situation on the relevant day may have been disclosed on the record to the parties; without an objection there was no need to do so. Additionally, the dockets of the other criminal cases he presents on appeal not only constitute evidence de hors the trial court record, but they also did not even exist untilafter appellant's sentencing. As such, this is not the proper topic for direct appeal. See, e.g., State v. Hill (2001), 90 Ohio St.3d 571, 573. We also point out here that availability a week or more after appellant's sentencing does not establish an ability to preside on the day in question.
 {¶ 20} Finally, we note that the Supreme Court confronted a Crim. R. 25(B) issue in a case where a different judge signed the death writ rather than the visiting judge who had presided over the capital trial and who had sentenced the defendant to death. State v. Robb (2000),88 Ohio St.3d 59. Besides stating that the signing of the writ was merely ministerial, the Court pointed out Crim. R. 25(B)'s language "if forany *Page 6 reason" the original judge is unable to perform the duties of the court. Id. at 87 (emphasis added). The Court concluded: "Although the file does not explain why another judge signed the writ, defendant still `has not contradicted the presumption of regularity accorded all judicial proceedings.'" Id. Thus, the Court presumed that the original judge was unable to perform. Such presumption is also to be applied in the case at bar.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, P.J., concurs.
[1] Contrary to the attempted analogy defense counsel presented at oral argument, the Supreme Court's Hull case does not state that a trial includes a plea for purposes of the speedy trial statute. See State v.Hull, 100 Ohio St.3d 183, 2006-Ohio-4252. Rather, that case merely determined that speedy trial statute does not apply to cases on remand after the appellate court's vacation of a no contest plea. Id. at ¶ 12, 19. *Page 1