OPINION
{¶ 1} Defendant-appellant, Andrew J. Kersey, appeals the Mason Municipal Court's decision convicting him of two traffic violations. We affirm the decision of the trial court.
 {¶ 2} On July 28, 2007, in the early morning hours, appellant was pulled over by an Ohio State Highway Patrol Trooper for failing to signal a right turn. Upon approaching the vehicle, the trooper noted appellant had glassy and bloodshot eyes and a flushed face, and he detected a moderate odor of an alcoholic beverage emanating from appellant's breath. *Page 2 
Appellant then admitted to having some beers earlier that evening. After failing three field sobriety tests, the trooper placed appellant under arrest. The trooper also asked appellant if he would submit to a breathalyzer test, but appellant refused. Appellant was charged with operating a vehicle under the influence (OVI) in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2)(b) and failing to use turn signals in violation of R.C. 4511.39.
 {¶ 3} On October 23, 2007, a bench trial was held before Judge George M. Parker. At the conclusion of the state's case, Judge Parker granted a Crim. R. 29 motion for the alleged violation of R.C. 4511.19(A)(2)(b). Appellant then presented his case. Rather than issuing a decision, Judge Parker took the case under advisement and ordered appellant to return to court on November 13, 2007, for the verdict. On October 25, 2007, the Ohio Supreme Court sanctioned Judge Parker and suspended him for 18 months. Upon arriving at court on November 13, 2007, appellant was informed by Visiting Judge Jack Rosen that a mistrial would be declared. Judge Rosen explained that Judge Parker would be unable to render a decision, and he was unable to issue a decision because he had not heard the case. Appellant objected to the mistrial and also filed a jury demand. Judge Rosen ordered a hearing for January 15, 2008, and in his November 15, 2007 entry, ordered that appellant could not be retried for a violation of R.C. 4511.19(A)(2)(b) because Judge Parker had granted a Crim. R. 29 motion as to that charge.
 {¶ 4} On January 11, 2008, appellant filed a motion to dismiss, arguing Judge Rosen's decision to declare a mistrial violated the Double Jeopardy Clause. The motion was subsequently denied by Judge D. Andrew Batsche at the January 15, 2008 hearing. Appellant then entered a no contest plea to the remaining charges and was sentenced accordingly. Appellant now appeals the trial court's decision by raising a single assignment of error.
 {¶ 5} "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY *Page 3 
EXPOSING APPELLANT TO DOUBLE JEOPARDY AFTER ITS DECLARATION OF A MISTRIAL."
 {¶ 6} Appellant argues that he has been placed in double jeopardy because the trial court abused its discretion when it declared a mistrial. We disagree with appellant's argument.
 {¶ 7} A state may not twice place a defendant in jeopardy for the same offense. Benton v. Maryland (1969), 395 U.S. 784,795, 89 S.Ct. 2056. Jeopardy can attach where there is a bench trial and judgment is not entered against a defendant. Wade v. Hunter (1949) 336 U.S. 684, 688,69 S. Ct. 834. This does not mean that a defendant may be freed following trial before a competent tribunal which does not end in a final judgment, as unforeseeable instances may occur during a trial which make its conclusion impossible. Id. at 688-89. Therefore, while a defendant does have a right to have his trial completed by a particular tribunal, there may be situations where this right is subordinated to the public's interest in fair trials and just judgments. Id. at 689; see alsoState v. Calhoun (1985), 18 Ohio St.3d 373, 376.
 {¶ 8} It is within a trial court's sound discretion to order or deny a mistrial. State v. Sage (1987), 31 Ohio St.3d 173, 182. Determination as to whether the double jeopardy clause prohibits retrial, after a mistrial is declared, is dependent on whether: "(1) there is a manifest necessity or a high degree of necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated." State v.Widner (1981), 68 Ohio St.2d 188, 189-90 citing Arizona v.Washington (1978), 434 U.S. 497, 98 S.Ct. 824 (internal quotations omitted). A trial court has complete discretion in making this determination.[1] State v. Glover *Page 4 
(1988), 35 Ohio St.3d 18, 19 citing Widner at 189. Therefore, great deference must be given to the trial court as they are in the best position to determine whether a mistrial is appropriate under a particular set of circumstances. Id. A reviewing court may not reverse a trial court's decision to grant a mistrial — even where the mistrial is declared sua sponte by the court-absent an abuse of discretion.State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 92. An abuse of discretion is more than just an error of law or judgment, it indicates the trial court's judgment was unreasonable, arbitrary or unconscionable. State v. Hood (1999), 132 Ohio App.3d 334, 338.
 {¶ 9} "Substitution of judges after trial has begun should be employed only in extraordinary circumstances where no prejudice results."State v. McKinley (1982), 7 Ohio App.3d 255, 258. "No criminal rule expressly addresses the use of a substitute judge before a finding of guilt in a bench trial. But Crim. R. 25(A) expressly addresses a related situation: the use of a substitute judge before a verdict in a jury trial." State v. Adewusi, Hamilton App. No. C-070270, 2008-Ohio-2055, ¶ 6.[2] Pursuant to Crim. R. 25(A), "[i]f for any reason the judge before whom a jury trial has commenced is unable to proceed with the trial, another judge * * * may proceed with and finish the trial, upon certifying in the record that he has familiarized himself with the record of the trial. If such other judge is satisfied that he cannot adequately familiarize himself with the record, he may in his discretiongrant a new trial." (Emphasis added.) While Crim. R. 25(A) applies to jury trials rather than bench trials, its reasoning is still sound in the context of a situation where a substitute judge takes over a bench trial, so long as the substitute has certified that he has familiarized himself with the record and can ensure that the defendant's right to a fair trial is not violated.
 {¶ 10} Judge Rosen did not abuse his discretion when he declared a mistrial, because *Page 5 
there was manifest necessity for ordering a new trial. Appellant's trial before Judge Parker was a bench trial. Therefore unlike a jury trial, Judge Parker was the trier of fact and was the only one who was able to evaluate the evidence and assess the credibility of the witnesses. Furthermore, Judge Parker had not even rendered a verdict in the case before he was removed. When Judge Rosen assumed responsibility of the case, he had no choice but to declare a mistrial as he could not "finish" the trial by rendering a verdict and a sentence when he did not hear the evidence. Judge Rosen's decision also complied with the requirements of Crim. R. 25(A) to the extent they apply because he was unable to familiarize himself with the record of the trial. Because Judge Rosen's determination was not unreasonable, arbitrary or capricious, declaration of a mistrial, in this situation, does not implicate the prohibition against double jeopardy as manifest necessity was behind the trial court's decision.
 {¶ 11} Finally, we note appellant argues that Judge Rosen erred in declaring the mistrial because there were other less drastic alternatives that the court could have considered before choosing to grant the mistrial.
 {¶ 12} Appellant relies on State v. Coon, Cuyahoga App. No. 79641,2002 WL 598321, 2002-Ohio-1813, in which the trial court declared a mistrial after the jury was impaneled and sworn and the parties presented their opening statements. Id at *1. The trial court's reason for declaring a mistrial was the fact that the death of judge's mother was imminent and he wanted to be with her. Id. The Eighth Appellate District found that although there were exigent circumstances, the trial court erred in declaring a mistrial because the court failed to consider any other less drastic alternatives. Id. at *3, citing State v.Morgan (1998), 129 Ohio App.3d 838, 842-843, citing Arizona v.Washington (1978), 434 U.S. 497, 521-22, 98 S.Ct. 824.
 {¶ 13} This case is not one where a curative instruction to a jury could have been made, the trial court had a mistaken belief that certain evidence had been introduced, or even *Page 6 
a case where another judge could have been substituted. See,Washington at 521-22; State v. Schmidt (1979), 65 Ohio App.2d 239,244-45; Coon at *3. Indeed, there was no alternative that was available to Judge Rosen other than declaring a mistrial. Judge Rosen had not heard the evidence, and Judge Parker was unable to render a verdict, thus a mistrial was the only proper decision. We also note that appellant did not offer any viable alternatives that Judge Rosen could have chosen in lieu of mistrial. While this is not necessarily appellant's responsibility, we believe that this failing is only due to the fact that no alternatives exist.
 {¶ 14} We find that the trial court did not abuse its discretion in ordering a new trial as a manifest necessity existed. Appellant's assignment of error is hereby overruled.
 {¶ 15} Judgment affirmed.
BRESSLER, P.J., and YOUNG, J., concur.
[1] "Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." Gori v. United States (1961), 367 U.S. 366, 368,81 S.Ct. 1523.
[2] We are cognizant that the Adewusi court stated that Crim. R. 25(A) should not apply to a bench trial because it would be tantamount to denying a defendant a right to a fair trial. Id. at ¶ 12. *Page 1