126

BEATTY, APPELLANT, *v.* ALSTON, SUPT., APPELLEE.

(No. 74-811—Decided July 9, 1975.)

*Mr. Robert P. App,* for appellant.

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson* and *Mr. Michael C. Matuska,* for appellee.

*Per Curiam.* Crim. R. 25(B) provides:

"If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial."

This rule inferentially commands that unless unable to do so, the judge who presided at a criminal trial must also preside at post-conviction proceedings, including sentencing. Crim. R. 25(B) was applicable to the February 1974 occurrences in this case. See Crim. R. 59. At that time,

Judge Fais was clearly available and able to sentence appellant. Therefore, the imposition of sentence on appellant by Judge Jenkins was a usurpation, although apparently inadvertant, of the trial judge's authority. The record discloses that on the same day that Judge Jenkins imposed sentence on appellant, and prior to any action on the part of appellant to satisfy or contest that sentence, Judge Fais set the sentence aside. Under these facts, this court holds that pursuant to the authority vested in the trial judge by Crim. R. 25(B), Judge Fais' actions in vacating Judge Jenkins' sentence and in imposing sentence on appellant were legally proper.

Additionally, the three constitutional arguments asserted by appellant in this case are without merit and, therefore, must be rejected. First, appellant contends that the prohibitions against double jeopardy contained in the state and federal constitutions forbid resentencing of a criminal defendant unless the first sentence is void or reversed on appeal. This contention is incorrect. The double jeopardy clauses clearly prohibit multiple punishments for the same offense. *Ex parte Lange* (1874), 85 U. S. 163. In *Lange*, the petitioner was convicted of a crime and sentenced to one year of imprisonment and a $200 fine. Under the statute defining the crime, the maximum penalty was imprisonment for not more than one year *or* a fine of not less than $10, nor more than $200. After petitioner had paid the fine, he sought release from incarceration. The sentencing judge, however, vacated the prior sentence and resentenced petitioner to one year's imprisonment. The United States Supreme Court, although recognizing that the original sentence was erroneous and that a court normally has inherent power to correct its orders during the term at which they were rendered, nevertheless struck down the resentence as violative of the prohibition against double jeopardy. The court held that petitioner's payment of the fine was a full satisfaction of one of the alternative penalties permitted by the statute, and that the satisfaction terminated the power of the trial court over the offense.

In the present appeal, appellant's complaint for a writ of habeas corpus fails to aver, and the record does not disclose, that prior to Judge Fais' vacation of the sentence imposed by Judge Jenkins, appellant paid the fine imposed by the latter judge as the sentence. Therefore, Judge Fais' imposition of sentence cannot be construed as an attempt to punish appellant a second time for the same crime.

The basis of the second constitutional argument raised by appellant is found in *North Carolina* v. *Pearce* (1969), 395 U. S. 711. That case held that neither the prohibition against double jeopardy nor equal protection bars imposition of a more severe sentence upon a defendant who is reconvicted following reversal of a prior conviction. However, the court, at pages 723 and 724, recognized that "* * * it would be a flagrant violation of the Fourteenth Amendment [due process] for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." The court also stated, at page 725, that "* * * since * * * fear * * * [that vindictiveness would motivate a trial judge to impose a harsher sentence upon reconviction following a successful attack on an earlier conviction] may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

To rectify these actual and potential problems, the court, at page 726, established the rule that:

"* * * whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitution-

al legitimacy of the increased sentence may be fully reviewed on appeal.''

Appellant asserts that the more severe sentence imposed by Judge Fais does not comply with this rule, and he concludes that it is, therefore, illegal.

We agree with appellant's assertion, but disagree with his conclusion. In imposing sentence upon appellant, Judge Fais clearly did not rely upon conduct of the appellant occurring after Judge Jenkins' imposed sentence. However, unlike the defendant in the *Pearce* case, appellant was not reconvicted following a reversal or vacation of an earlier conviction. Appellant took no action to have Judge Jenkins' sentence set aside. The strict resentencing rule announced in *Pearce* was designed to shield from vindictive resentencing those reconvicted defendants who, through their own actions, succeeded in having earlier convictions reversed or vacated. Appellant is not such a reconvicted defendant, and, hence, the *Pearce* rule is inapplicable to his appeal.

The third constitutional argument raised by appellant is that the sentence imposed by Judge Jenkins on the petty larceny conviction was part of a plea-bargain agreement which encompassed the simultaneous disposition of the three traffic offenses and sentencing on the petty larceny conviction. Appellant contends that pursuant to *Santobello* v. *New York* (1971), 404 U. S. 257, and its progeny, he is entitled to specific enforcement of the sentence imposed by Judge Jenkins. However, the factual foundation of this contention is faulty. The record totally negates any inference that Judge Jenkins' sentencing of appellant on the petty larceny conviction was the result of a plea bargain.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., dissents.