## State v. Lucas
[Cite as 8 AOA 241]

*Case No. CA-3547*
*Licking County, (5th)*
*Decided December 18, 1990*

*Hugh A. Masterson, Ass't Prosecuting Attorney, Licking County Courthouse, Newark, Ohio 43055, for Plaintiff-Appellee.*

*Samuel B. Weiner, 743 South Front Street, Columbus, Ohio 43206, for Defendant-Appellant.*

**SMART, J.**

This is an appeal from the Court of Common Pleas of Licking County, Ohio, that sentenced defendant-appellant Joyce Lucas (appellant) for one count of theft in violation of R.C. 2913.02.

Appellant was indicted by the Licking County Grand Jury, and pled not guilty. The cause was set for jury trial. Prior to the trial date, the trial judge, the Honorable Neil Laughlin, went on medical leave, and the Chief Justice of the Ohio Supreme Court assigned the Honorable William T. Gillie to Judge Laughlin's case docket. Thereafter, appellant withdrew her not guilty plea and entered a plea of guilty. Judge Gillie accepted the plea and ordered a pre-sentence investigation. Attempts to bring appellant before Judge Gillie were unsuccessful and appellant ultimately appeared before Judge Laughlin for sentencing. Appellant moved to withdraw her guilty plea or to void the judgment, but the trial court overruled that motion and sentenced her to eighteen months in Marysville Reformatory for Women. This appeal ensued.

Appellant assigns a single error to the trial court:

**ASSIGNMENT OF ERROR**
**WHEN THE OHIO SUPREME COURT, PURSUANT TO AN ORDER, ASSIGNS A VISITING JUDGE TO THE CASE DOCKET OF A COMMON PLEAS JUDGE, AND THE ACCUSED APPEARS BEFORE SAID VISITING JUDGE AND ENTERS A GUILTY PLEA, THE VISITING JUDGE RETAINS JURISDICTION FOR SUBSEQUENT SENTENCING PURPOSES AND ANY SENTENCE BY ANOTHER JUDGE IS VOID.**

The Chief Justice issued guidelines for the assignment of judges. Those guidelines state in pertinent part:

"****

"11. When the Chief Justice assigns a judge to a court for a specific case, the assignment shall continue until the conclusion of that case, including any post-judgment proceedings, unless or until the case is reassigned.

"12. When the Chief Justice assigns a judge to a court for a specified interval, the assignment shall continue until the judge concludes any proceedings in progress at the end of that interval but shall not continue for any other matters without further assignment.

"..."

22. Unless special circumstances justify a different assignment, the sitting judge for that court shall retain responsibility for cases in which he or she has resolved or presided over substantial preliminary matters. The assigned judge shall assume responsibility for cases in which the sitting judge has had the least involvement when the assignment occurs.

"..."

The assignment commissioner for Judge Laughlin was called to testify regarding the Supreme Court's assignment of Judge Gillie. She testified that she had been instructed that Judge Gillie was not to have his own docket but rather was to cover Judge Laughlin's docket while he was gone. Appellant's case was not assigned to Judge Gillie but rather to Judge Laughlin.

Appellant urges that under guideline eleven, *supra*, Judge Gillie should have been the sentencing judge. The State replies that guideline number twelve, not number eleven, applies, and that Judge Laughlin was the judge responsible for the case upon his return from medical leave.

Appellant cites the case of *Beatty v. Alston* (1975), 43 Ohio St. 2d 126, in support of her contention that the sentencing is illegal and void. We agree with the State's assertion that *Beatty* is distinguishable upon the facts.

The State contends that because appellant never objected to the sentencing by Judge Laughlin, she has waived any objection she may have had. We find that although it is true that appellant never formally objected at the sentencing hearing, she did immediately request Judge Laughlin hold an evidentiary hearing regarding whether he or Judge Gillie should be the sentencing judge. Judge Laughlin granted the requested evidentiary hearing. We find the lack of a formal objection inconsequential in light of the subsequent proceedings.

We conclude that reading guidelines number twelve and twenty-two together, Judge Gillie should have concluded appellant's case because it was a proceeding in progress and not another matter. We find that Judge Gillie should have been the sentencing judge.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County that sentenced appellant is hereby vacated, and the cause is remanded to that court for resentencing in accord with applicable law and not inconsistent with this opinion.

PUTMAN, P.J., and COX, J., concur.