This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ray Thrower appeals, an order from the Akron Municipal Court that denied his motion to vacate his guilty plea and another order that struck a subsequent motion filed by Mr. Thrower as "outrageous, irrelevant and scandalous material." We affirm.
 I.
On April 7, 1997, Mr. Thrower entered a plea of guilty to two violations concerning physical deficiencies at 331-333 Parkwood Avenue, Akron, Ohio. During July 2000, Mr. Thrower filed a request, which the trial court construed as a motion to vacate his guilty plea. On August 12, 2000, the trial court denied Mr. Thrower's motion. On September 5, 2000, Mr. Thrower filed a "Motion for Leave/and or Amended Motion to alter or Amend Judgment w/[sic] supplemental ground in RE: final appealable order." Appellee responded with a request to strike the motion, which the trial court granted. This appeal followed.
 II.
Mr. Thrower asserts eight assignments of error.[1] We will address each in due course, consolidating his first, second, third, fourth and seventh assignments of error to facilitate review.
 A. First Assignment of Error THE HOUSING APPEALS BOARD COURT ERRED WHEN IT IMPOSED ADDITIONAL PUNISHMENT IN THE FORM OF FINES, INSPECTION FEES, INSPECTIONS, WHEN THE PLEA AGREEMENT AS SPREAD [sic] ON THE RECORD CASE NO. 97 CRB1007 WOULD ". . . SUSPEND ALL JAIL TIME AND ALL BUT THE $300 FINE AND COURT COSTS . . . (AND VARIOUS REPAIRS), AND THE TRIAL COURT DID NOT IDENTIFY FURTHER PUNISHMENT THAT COULD BE IMPOSED IN RE THE MAXIMUM SENTENCE, NOR DID THE PLEA AGREEMENT CALL FOR ADDITIONAL PUNISHMENT IN THE FORM OF FINES, INSPECTIONS, INSPECTION COSTS, VIOLATING THE APPELLANT'S DUE PROCESS RIGHTS, EQUAL PROTECTION RIGHTS IN VIOLATION OF THE 5TH AMENDMENT APPLICABLE TO THE APPELLANT VIA THE 14TH AMENDMENT MAKING THE PLEA UNKNOWING, UNINTELLIGENT. HAD THE APPELLANT KNOWN OF THE ADDITIONAL PUNISHMENT, HE WOULD NOT OF [sic] PLED GUILTY AND WOULD HAVE INSISTED ON GOING TO TRIAL, "MANIFEST INJUSTICE" PER CRIM.R. 32.1, APPELLANT REQUESTS "SPECIFIC PERFORMANCE".
 Second Assignment of Error THE APPELLANT IS ENTITLED TO "SPECIFIC PERFORMANCE" PER EX.A.: PLEA TP., #97CRB1007, WHERE ON THE RECORD AGREEMENT AS RELAYED BY THE STATE/DEFENSE ATTORNEY/TRIAL COURT AND ACCEPTED BY THE TRIAL COURT. THE APPELLEE NOW BEING BARRED BY THE "LAW OF THE CASE" AND SINCE THE OHIO SUPREME COURT HAS INDICATED THAT FULL SATISFACTION OF EVEN A VOID SENTENCE WOULD CERTAINLY INVOKE THE BAR OF DOUBLE JEOPARDY . . . SEE BEATTY V. ALTSTON, . . . 330 N.E.2d 921, 923, CITING EX PARTE LANGE (1874) 85 U.S. (18 WALL) 163 MAKING SAME A "MANIFEST INJUSTICE" PER CRIM R. 32.1, I.E., THE FINES/ADDITIONAL PUNISHMENT/INSPECTION FEES IMPOSED ON THE APPELLANT AFTER FULL SATISFACTION OF THE 1997 SENTENCE.
 Third Assignment of Error PER THE RECORD THE IMPOSITION OF ADDITIONAL FINES, COSTS, FEES, INSPECTIONS, TIME IN RE SAME, PURSUANT TO PLEA, SENTENCE SERVED IN FULL, ON THE RECORD PLEA AGREEMENT WOULD VIOLATE THE DOUBLE JEOPARDY CLAUSE, EX POST FACTO CLAUSE, 8TH AMENDMENT'S [sic] CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS CLAUSE, EQUAL PROTECTION CLAUSE, SUBSTANTIVE DUE PROCESS MAKING THE LAW UNCONSTITUTIONAL UNDER THE OHIO AND U.S. CONSTITUTION AS APPLIED TO THE APPELLANT, I.E., SEC. 150, 150.40 ET SEQ.EX. C.
 Fourth Assignment of Error THE APPELLEE VIOLATED THE DUE PROCESS, EQUAL PROTECTION CLAUSE WHEN IT DE FACTO RESURRECTED THE JURISDICTION OF CASE NO. 97 CRB1007, AFTER IT HAD LAPSED, VIA A NEW CASE NUMBER #2000 04 1748, TO PUNISH APPELLANT ADDITIONALLY, TO ASSESS PUNISHMENT/FINES/INSPECTIONS/WASTE APPELLANTS TIME/MONEY/OPPORTUNITY COSTS/DE FACTO "TAKING PROPERTY" IN VIOLATION OF THE "TAKING CLAUSE" OF THE 5TH, 14TH AMENDMENT, NOT DELINEATED AS PART OF THE NEGOTIATED ON THE RECORD EX A.: PLEA TP. CASE NO. 97 CRB1007 PLEA "AGREEMENT", "SENTENCING", MAXIMUM SENTENCE AS EXPLAINED TO THE APPELLANT CASE NO. 97 CRB1007, PREJUDICING THE APELLANT, DEPRIVING THIS COURT AND/OR APPELLEE OF JURISDICTION TO IMPOSE ADDITIONAL FINES/INSPECTIONS/PUNISHMENT/COURT POWER, APPELLEE POWER OVER APPELLANT.
 Seventh Assignment of Error THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN NOT DETERMINING THAT [A.C.O. 150.40 ET SEQ.] VIOLATES FEDERAL AND STATE DUE PROCESS, AS APPLIED TO APPELLANT IN THIS CASE.
Mr. Thrower's first, second, third, fourth and seventh assignments of error involve a decision of the Housing Appeals Board and the constitutionality of Akron City Code 150.40. In reviewing the judgment entry dated August 12, 2000, the trial court declined to address the above issues and made reference to the fact that Mr. Thrower was currently disputing the matter in the Summit County Common Pleas Court.[2] Because the arguments are not relevant to the instant case and are a part of another controversy, we hereby strike Mr. Thrower's first, second, third, fourth and seventh assignments of error.
 B. Sixth Assignment of Error THE TRIAL COURT ERRED IN "STRIKING" APPELLANT'S BRIEF SINCE: PER ACTIONS OF THE CITY/APPELLEE WERE DONE IN RETALIATION FOR APPELLANT'S BROTHER OBTAINING A FAVORABLE RULING IN THE 6TH CIRCUIT CASE #99-3376, HOLDING PLEA "VOID" PER WELL SETTLED LAW, SAME PENDING CASE #00-3566 eX. t., i.e. EXERCISING 1ST, 5TH, 14TH AMENDMENT RIGHT OF "ACCESS TO THE COURTS", (APPELLANT'S BROTHER). THE APPELLEE MAX ROTHAL IS ENGAGED IN FALSIFYING DRUGS, ATTEMPTED TO "PLANT DRUGS" ON APPELLANT, IS INVOVLED IN * * * *, BREACH OF $10,000,000 PLEA CONTRACT, CONFLICT OF INTEREST, AND IS DESIGNED TO RUN APPELLANT OUT OF TOWN, CONFISCATE HIS REAL ESTATE, IS IN VIOLATION OF THE COMMERCE CLAUSE OF THE U.S. CONSTITUTION, IS A CONSPIRACY TAKE HIS REAL ESTATE, ASSESS FINES, FEES, INSPECTIONS IN "RETALIATION" FOR APPELLANT'S BROTHER'S CIRCULATING LAWSUITS/EXHIBITS IN RE LAW DIRECTOR FOR CITY OF AKRON INVOLVED TO * * * *, FALSIFYING DRUGS, ILLEGAL TELEPHONE TAPING IN VIOLATION OF THE 1968 OMNIBUS CRIME AND SAFE STREETS ACT, ILLEGAL REMOVAL OF COURT RECORDS IN VIOLATION OF LAW, PERJURED SEARCH WARRANTS, SOLICITING PERJURY, WITNESS TAMPERING, EXTORTION, AND OTHER CRIMES VIOLATING THE APPELLANT'S DUE PROCESS/EQUAL PROTECTION RIGHTS, AND IF THE LAW WAS IN RE THE ADDITIONAL FINES PUNISHMENT WAS PASSED AFTER APPELLANT PLED SAME SHOULD BE "GRANDFATHERED" IN RE THE FACT THAT THE APPELLANT SHOULD NOT HAVE TO ENGAGE, BE SUBJECT TO SAME, AND IF PASSED BEFORE 1997 EX.A:#97 crb1007 PLEA, SAME WAS NOT PART OF THE PLEA AGREEMENT, ASIGNMENT OF ERROR NUMBER REWRITTEN HEREIN VIOLATING DUE PROCESS, EQUAL PROTECTION RIGHTS, 14TH AMENDMENT, U.S. CONSTITUTION. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING BRIEF.
In his sixth assignment of error, Mr. Thrower argues that the trial court erred when it struck his September 5, 2000 motion as outrageous, irrelevant, and scandalous. This Court disagrees.
Crim.R. 57(B) allows a trial court to follow the rules of civil procedure if there is no procedure specifically prescribed by the rules of criminal procedure. Because the rules of criminal procedure do not set forth a procedure for striking a pleading, the trial court can look at Civ.R. 12. Indeed, Civ.R. 12(F) allows a trial court, upon motion from a party, to strike any pleading, "any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." Such a decision will not be reversed on appeal absent an abuse of discretion.In re Estate of Myers (Dec. 29, 1995), Hamilton County App. No. C-940976, unreported, 1995 Ohio App. LEXIS 5788, at *3.
In the case at bar, Mr. Thrower's pleading was captioned "Motion for Leave/and or Amended Motion to alter or Amend Judgment w/[sic] supplemental ground in RE: final appealable order." Attached to the motion was a brief that contained exhibits of political cartoons with various local officials depicted by cutting-out their faces and superimposing them onto existing cartoons. The exhibits also contained allegations against these officials. After reviewing the record, we conclude that the trial court did not abuse its discretion when it struck Mr. Thrower's motion. Moreover, under the circumstances in this case there was no prejudice to Mr. Thrower. His sixth assignment of error is overruled.
 C. Eighth Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT MAKING SUFFICIENT "FINDINGS OF FACT AND CONCLUSIONS OF LAW" TO INVOKE ". . . THE RUNNING OF THE TIME PERIOD FOR FILING AN APPEAL THEREFROM. ID. AT 218 R.C. IN RE SAME, SEC. 2954.21(G). VIOLATING THE DUE PROCESS RIGHTS OF APPELLANT UNDER THE OHIO CONSTITUTION ARTICLE I. SECTION 16, U.S. CONSTITUTION 5TH AMENDMENT APPLICABLE TO APPELLANT VIA THE 14TH AMENDMENT.
Mr. Thrower argues in his eighth assignment of error that the trial court erred when it denied his request to vacate his plea. Essentially, he asserts that he would not have pled guilty to the charges in 1997 had he known that the City of Akron would later impose additional fines in a subsequent proceeding.[3] We disagree.
Crim.R. 32.1 provides that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 In reviewing the record of the instant case, we conclude that Mr. Thrower has not demonstrated that the trial court's decision resulted in a manifest injustice. Accordingly, his eighth assignment of error is overruled.
 D. Fifth Assignment of Error THE APPELLANT SHOULD BE ENTITLED TO FEES, COSTS, APPEAL FEES, MAILING COSTS, ETC. ASSOCIATED WITH THIS APPEAL.
In his fifth assignment of error, Mr. Thrower requests that this Court reimburse him for costs associated with this appeal. This Court has the power to address Thrower's demand for reimbursement only to the extent that appellate costs, as defined in App.R. 24, will be assessed to the losing party. Because Mr. Thrower's assignments of error are either overruled or stricken from the record, his request for costs associated with this appeal is denied.
 III.
Mr. Thrower's fifth, sixth and eighth assignments of error are overruled. We strike his first, second, third, fourth and seventh assignments of error. The judgment of the Akron Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., WHITMORE, J. CONCUR.
[1] This Court has duplicated Mr. Thrower's assignments of error exactly as they are written in his brief.
[2] This Court notes that Mr. Thrower currently has another case (Summit App. No. 20316) pending before this Court that is unrelated to the present matter.
[3] Although Mr. Thrower makes reference to the fact that he was involved in a subsequent proceeding during 2000; that proceeding is not part of this record.