OPINION
Defendant-appellant, Michael Ballard, appeals his conviction and sentence from the Fairfield Municipal Court. We affirm the judgment for the reasons outlined below.
Appellant was convicted of misdemeanor theft for using a credit card belonging to Lois Wagner, without Wagner's permission. Appellant lived with Wagner during the month of February 2000, and on one occasion during that month, appellant purchased items worth approximately $62 on Wagner's credit card at an Autozone store. A few months thereafter, appellant was charged with theft in connection with the credit card and convicted in a bench trial. The judge of Fairfield Municipal Court presided over appellant's bench trial, but an acting judge sentenced appellant. After sentencing, but before appellant had left the building or acted on the sentence, the acting judge called appellant before the bench and indicated that the trial judge, who had a family emergency, would be sentencing appellant. Appellant's attorney had already left the building and the sentencing hearing was reset.
The judge who presided at appellant's trial ultimately sentenced appellant. Appellant appeals his conviction and sentence and raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BECAUSE HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that it was against the manifest weight of the evidence to find him guilty of theft when he presented evidence that he had the owner's permission to use her property.
Appellant testified that he told Wagner that he wanted a few items for the truck[1] she had already bought him and that Wagner gave him the credit card to go to Autozone. Appellant argues that the fact that he signed his own name to the credit card receipt shows that he was not concealing the purchase. Appellant testified that he returned the credit card and receipt to Wagner after the purchase.
Wagner acknowledged in her testimony at trial that she purchased a number of items for appellant because he was unemployed while they were living together in February. However, Wagner testified that she never gave appellant permission to take her credit card or to purchase any items with the card at Autozone. Wagner testified that she did not recognize the Autozone charge when she received her bill and only learned of appellant's role after she asked the credit card company to investigate the credit card charge.
In order for a court of appeals to reverse a judgment on the basis that a verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact-finder's resolution of any conflicting testimony. State v. Thompkins, 78 Ohio St.3d 380, 389,1997-Ohio-52. In taking on this role, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387. In making this analysis, the reviewing court must be mindful that determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
A review of the record shows that Wagner and appellant, the only two witnesses to testify, provided conflicting testimony concerning whether Wagner permitted appellant to take and use the credit card. As the trier of fact, the court was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.
The trial court determined that appellant, with the purpose to deprive the owner of property, knowingly obtained or exerted control over such property without the consent of the owner or person authorized to give such consent. The trial court's finding of guilt is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN IMPOSING THE SENTENCE AGAINST HIM.
Appellant's argument in his second assignment of error is twofold. Appellant argues that the trial court erred in vacating the original sentence by the acting judge and imposing his sentence.
There is no dispute that the sentence imposed by the acting judge was never filed and journalized and that no part of the sentence, including the payment of fines, was executed. There is also no dispute that the acting judge filed an entry, nunc pro tunc to the original sentencing date, vacating the sentence he imposed as the acting judge.
The nunc pro tunc entry indicates that the original sentence was vacated when the acting judge determined that it was not proper that he imposed the sentence because the trial judge presided over the bench trial and had access to a presentence investigation ("PSI") report on appellant.
Crim.R. 25(B) states, in part, that if for any reason the judge before whom the defendant was tried is unable to perform the duties of the court after a finding of guilt, another judge, under specific guidelines, may perform the duties of sentencing. This rule inferentially commands that unless unable to do so, the judge who presided at a criminal trial must also preside at postconviction proceedings, including sentencing. Beattyv. Alston (1975), 43 Ohio St.2d 126, 127.
The record reveals that the trial judge, while apparently absent from the court during appellant's sentencing hearing, was able to perform the duties of sentencing appellant. The trial judge should impose the sentence because she presided over the contested trial and had the benefit of appellant's PSI report. Furthermore, appellant was not prejudiced because the sentencing entry by the acting judge had not been filed or journalized and no part of the sentence had been executed. SeeBeatty at 128.
We note that appellant did not object to the trial judge sentencing appellant, and appellant's attorney acknowledged that the original sentence had not been journalized and "was not an issue."
Appellant states, without elaboration, that the sentence imposed by the trial judge was "possibly" violative of appellant's double jeopardy rights. The double jeopardy clauses prohibit multiple punishments for the same offense. Beatty at 128. The vacation of the sentence by the acting judge before any part of the sentence had been executed cannot be construed as an attempt to punish appellant a second time for the same crime. See Beatty at 129.
The trial court did not commit error in vacating the sentence issued by the acting judge and in imposing appellant's sentence.
Appellant also argues that the trial court improperly considered the fact that appellant still retained a truck purchased by Wagner when it considered his sentence. Appellant also argues that the trial court improperly conditioned an early release from prison on appellant's return of the truck to Wagner. Appellant equates the trial court's comments about returning the truck as tantamount to requiring the return of the truck as restitution.
Appellant was convicted of theft, a misdemeanor of the first degree. R.C. 2913.02. Pursuant to R.C. 2929.21, the maximum term of imprisonment for a first-degree misdemeanor is six months (180 days) in jail and a $1,000 fine. R.C. 2929.21(B)(1) and (C)(1). Appellant was given 180 days in jail and a $1,000 fine, with $500 suspended.
The standard for determining whether a trial court erred in imposing a sentence for a misdemeanor is an abuse of discretion. State v. Benvenuto
(Mar. 28, 2000), Auglaize App. Nos. 2-99-35, 2-99-36. Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria. State v. Tutt (1988),44 Ohio App.3d 138, 139. R.C. 2929.22.
In determining the term of imprisonment and the amount and method of payment of a fine for misdemeanors, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him. R.C. 2929.22. See, also, R.C. 2929.12(C) (for mitigating factors against imprisonment).
When the sentence imposed is within the statutory limits, the trial court is presumed to have considered the required factors absent a demonstration to the contrary by the defendant. State v. Reynolds (July 16, 2001), Brown App. No. CA2000-11-035.
It has generally been held that R.C. 2929.22 does not contain an exhaustive list of the factors that can be considered. State v. Tuttle
(Aug. 16, 1991), Ashtabula App. Nos. 89-CR-B-373, 89-CR-B-375. In relation to this issue, it has been held that a lack of remorse is a relevant factor to consider. Id.
The transcript of the sentencing hearing indicates that the parties discussed the issue of the truck both on and off the record and the trial court discussed the truck in noting appellant's lack of remorse of his treatment of the victim, Wagner. The trial court did indicate that it might consider an early release from jail if appellant returned the truck to Wagner because it would show remorse on appellant's part. However, the trial court could not and did not issue a restitution order to return the truck. Therefore, we reject appellant's argument that the truck was being used as restitution in this case.
The discussion about returning the truck during sentencing contributed unnecessary confusion to the issues of this case. However, the trial court properly indicated on the record that it was sentencing appellant for his use of the credit card to purchase items without the owner's permission.
Based upon appellant's criminal history and the evidence presented in this case, we cannot say that the trial court abused its discretion in sentencing appellant within the parameters of R.C. 2929.21. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The truck, which was purchased by Wagner and placed in appellant's name, is not the subject of the instant theft charge, but does pertain to appellant's second assignment of error.