OPINION
{¶ 1} Thomas W. McNally ("appellant"), appeals the judgment of the Lake County Common Pleas Court denying appellant's Motion for Treatment in Lieu of Conviction and Motion to Continue. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On March 2, 2001, the Lake County Grand Jury handed up a secret indictment against appellant. In that indictment, appellant was charged with three counts of deception to obtain a dangerous drug, felonies of the fifth degree, in violation of R.C. 2925.22. Appellant was arrested in Mahoning County on June 4, 2001 on the strength of the Lake County warrant. Appellant agreed to appear in the Lake County Common Pleas Court and was released on his own recognizance. On June 7, 2001, appellant reported to the Lake County Common Pleas Court and was formally arrested and charged with the violations contained in the secret indictment of March 2, 2001. After initially pleading not guilty to the above charges, appellant subsequently decided to change his plea with respect to some of the offenses.
 {¶ 3} On July 26, 2001, appellant pled guilty to two counts of deception to obtain a dangerous drug in violation of R.C. 2925.22. The trial court entered a nolle prosequi with respect to the remaining count. Appellant filed a Motion for Treatment in Lieu of Conviction on August 23, 2001. On October 23, 2001, the trial court conducted a sentencing hearing. At that hearing, the trial court denied appellant's Motion for Treatment in Lieu of Conviction and an oral motion to continue the proceedings made on the record by appellant's counsel. This timely appeal followed, and appellant asserts two assignments of error for our review.
 {¶ 4} "[1.] The trial court judge denied appellant due process under the fourteenth amendment by arbitrarily overruling appellant's reasonable request to continue his hearing to require the judge assigned and familiar with the case the opportunity to decide motions and sentence appellant.
 {¶ 5} "[2.] The trial court abused its discretion by denying appellant's motion for treatment in lieu of conviction."
 {¶ 6} An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger
(1981), 67 Ohio St.2d 65. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Unger enumerated an objective test "which balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant." In re Kriest (August 6, 1999), 11th Dist. No. 98-T-0093, 1999 Ohio App. LEXIS 3605, citing Unger at 67. The factors a court should consider include: "* * * the length of delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."Sharma v. Sahota, 11th Dist. No. 2000-G-2290, 2001-Ohio-8798, 2001 Ohio App. LEXIS 5206 at 6-7, quoting Unger at 67-68.
 {¶ 8} It is with sadness that we note the unique facts of the instant case involve the terminal illness and untimely passing of the Honorable Judge James W. Jackson of the Lake County Common Pleas Court.
 {¶ 9} Appellant argues that Judge Eugene Lucci, who presided over appellant's Oct. 23, 2001 sentencing hearing, should have granted appellant's motion to continue. Appellant alleges that Judge Lucci was unfamiliar with his case and should have continued the hearing until Judge Jackson was available to preside over appellant's sentencing. Appellant argues that it was Judge Jackson who presided over the case from its inception and was intimately familiar with appellant's case. The factual inaccuracies of appellant's claims rise to the level of pure fiction.
 {¶ 10} Judge Jackson had been battling the effects of a terminal illness for several years, up to and including November 2001, the time of his passing. As a result, Chief Justice Moyer of the Supreme Court of Ohio appointed various visiting judges to sit on behalf of Judge Jackson while he received treatment for his illness. The record fully substantiates the overlap that existed between Judge Jackson's final months and the involvement of two other judges in the case before us.
 {¶ 11} On June 7, 2001, appellant waived his right to be present at arraignment. The record indicates the judge signing off on the waiver was Judge Lucci, not Judge Jackson. On June 8, 2001, a trial order was journalized. The trial order contained Judge Jackson's signature stamp, not the signature of his own hand. On July 26, 2001, appellant entered his guilty plea with respect to the first two counts of the indictment. The record indicates that on July 26, 2001, Judge Feighan was the visiting judge sitting for Judge Jackson. Accordingly, it was Judge Feighan, not Judge Jackson, who accepted and signed off on the judgment entry containing appellant's plea. In fact, the only order actually signed by Judge Jackson in this case was journalized August 31, 2001, almost three months after appellant was originally arraigned. Based on the foregoing facts, appellant's claim that Judge Jackson was intimately familiar with appellant's case from its inception is one that is puzzling to this court.
 {¶ 12} The record indicates that Judge Jackson was unavailable to preside over appellant's sentencing hearing on October 23, 2001. As a result, Judge Lucci presided over appellant's sentencing hearing on October 23, 2001. On October 26, 2001, Judge Mitrovich, the Lake County Common Pleas Administrative Judge, filed a judgment entry formally assigning Judge Lucci to appellant's case. In his order, Judge Mitrovich stated that the reason Judge Lucci had been assigned appellant's case was that "Judge James W. Jackson * * *, is presently hospitalized and undergoing medical testing and it is not known when he will be able to return to assume his duties." Subsequently, Judge Lucci's judgment entry, finalizing appellant's sentence, was properly signed and journalized on October 29, 2001. Approximately three weeks after appellant was sentenced, Judge Jackson passed away.
 {¶ 13} Appellant also attempts to direct this court to Crim.R. 25(B), which "inferentially commands that unless unable to do so, the judge who presided at a criminal trial must also preside at post-conviction proceedings." Beatty v. Alston (1975), 43 Ohio St.2d 126,127. The "unable to do so" standard has also been adopted by this court in State v. Cisternino (March 30, 2001), 11th Dist. No. 99-L-137, 2001 Ohio App. LEXIS 1593. It is obvious from the record, that due to his grave condition, Judge Jackson was unable to preside over appellant's sentencing on Oct. 23, 2001. Appellant fails to cite any case law to support his argument that he was prejudiced by not having Judge Jackson conduct his sentencing hearing. Therefore, we find that the formal assignment of Judge Lucci was appropriate.[1]
 {¶ 14} Appellant also claims that the trial court had not received all of the materials necessary to properly conduct a sentencing hearing on October 23, 2001. This argument is also contrary to the record.
 {¶ 15} On record at the sentencing hearing, appellant's counsel stated: "I don't know if the Court would be inclined to continue the sentencing until a later date, although the appropriate reports have been completed." Transcript, Page 7.
 {¶ 16} In response, the trial court states: "The Court does note that I have received and reviewed a significant amount of information, * * *, information from the United States District Court, a sentencing recommendation, a presentence report, and (sic) drug and alcohol evaluation, from Lake County Adult Probation Department, * * *." Transcript, Page 7.
 {¶ 17} The foregoing passages indicate that the trial court did indeed have all the necessary documentation to properly sentence appellant. The record further indicates that the trial court was quite familiar with the content of all documentation submitted by appellant. Our examination of the record also reveals Judge Jackson's actual involvement in appellant's case to be minimal. As a result, this court cannot say that Judge Lucci's decision not to continue the sentencing hearing was arbitrary or unreasonable. Therefore, under Unger,Blakemore, Beatty, and Sharma, we find appellant's first assignment of error not well taken and without merit.
 {¶ 18} In appellant's second assignment of error, appellant argues that it was an abuse of discretion for the trial court to deny his Motion for Treatment in Lieu of Conviction. We disagree with appellant.
 {¶ 19} Appellant's second assignment of error is a question of law, not fact, for this court to decide. Prior to March 23, 2000, R.C.2951.041 was entitled "Treatment in Lieu of Conviction", as opposed to the current version of R.C. 2951.041 labeled "Intervention in Lieu of Conviction". The current version of R.C. 2951.041(B)(1) does not allow offenders who have "previously been convicted of or pleaded guilty to a felony", to pursue intervention in lieu of conviction. Prior to the amendment on March 23, 2000, offenders, who had pled guilty to or were convicted of a felony, were still eligible to apply for treatment in lieu of conviction.
 {¶ 20} Appellant does not contest the fact that he was convicted on Feb. 2, 1998, in federal court, on charges of Medicare Fraud and Failure to File a Tax Return. Appellant also does not contest the fact that under the current version of R.C. 2951.041, he would not be eligible for intervention in lieu of conviction. It then becomes obvious, that due to his prior felony conviction, appellant wishes to have the pre-amendment version of R.C. 2951.041 applied to his case.
 {¶ 21} Appellant claims that since he committed the crimes between February 8, 2000 and April 7, 2000, the pre-amendment version of R.C.2951.041 should apply. However, both versions of R.C. 2951.041 state that the remedy created by the statute becomes an option: "If an offender ischarged with a criminal offense * * *." That language would indicate that the statute cannot be invoked until an individual is charged with a crime. R.C. 2951.041 is "a tool by which a defendant may diminish her punishment for a drug offense, as she may participate in a drug rehabilitation program instead of receiving a criminal conviction." Statev. Geiger (July 30, 2001), 12th Dist. No. CA2000-11-100, 2001 Ohio App. LEXIS 3351. Thus, R.C. 2951.041(B)(1) is remedial and prospective in its nature. State v. Oram (April 2, 2001), 5th Dist. No. 2000CA00219, 2001 Ohio App. LEXIS 1857. Thus, the amended version of R.C. 2951.041 is considered valid under an ex post facto analysis as it "does not retroactively alter the definition of a crime, deprive the accused of a defense available at the time the crime was committed, or increase the punishment for a crime after its commission." Geiger, supra, at 6.
 {¶ 22} The record shows that appellant was not indicted by the Lake County Grand Jury in this case until March 2, 2001. Appellant did not file his Motion for Treatment in Lieu of Conviction until August 23, 2001. As a result, the remedy provided by R.C. 2951.041 became available to appellant subsequent to the March 23, 2000 amendment. Furthermore, the sole judgment entry in the entire case that Judge Jackson actually signed indicated that: "* * * this matter came before the Court on defendant's request for Treatment in Lieu of Conviction pursuant to Revised Code2951.041(A) as amended." Aug. 31, 2001, Judgment Entry, (emphasis added).
 {¶ 23} Appellant has failed to provide any case law contradictory to the foregoing analysis of R.C. 2951.041. Appellant was not indicted until after the March 23, 2000 amendment to R.C. 2951.041. Appellant did not seek the remedy available under R.C. 2951.041 until August 23, 2001, over a year after the amended version became law. This court agrees with the holdings of Geiger and Oram. The amended version of R.C. 2951.041 is remedial and prospective in nature. We hold that the current version of R.C. 2951.041, as amended on March 23, 2000, is the applicable statute to appellant's case.
Appellant does not dispute that the federal felony conviction of Feb. 2, 1998, prevents him from qualifying for intervention in lieu of conviction under the present statute. As a result, the trial court did not abuse its discretion in denying appellant's Motion for Treatment in Lieu of Conviction under the amended version of R.C. 2951.041. Appellant's second assignment of error is not well taken and is without merit.
 {¶ 24} For the foregoing reasons, we find appellant's first and second assignments of error to be without merit and the judgment of the Lake County Common Pleas Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] We also note that it was Judge Lucci who signed the judgment entry allowing appellant to waive his arraignment appearance on June 7, 2001.