[Cite as *State v. Foster*, 2024-Ohio-793.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0066 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MARC J. FOSTER, | Trial Court No. 2021 CR 00679 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 4, 2024
Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}   Appellant, Marc J. Foster, appeals the judgment of the Trumbull County Court of Common Pleas convicting him, after entering a plea of guilty, on one count of felony-one Possession of Cocaine for which he was sentenced to a term of eight to 12 years' imprisonment.   At issue is whether plain error occurred when the judge who accepted appellant's guilty plea (sitting by assignment of the Supreme Court of Ohio) did not pronounce appellant's sentence, but, instead, sentence was entered by a different, newly elected judge of the court *after* the expiration of the acting judge's assignment.

Appellant also takes issue with the sentence imposed by the newly-elected judge. We affirm the trial court.

{¶2} Appellant was arrested in Trumbull County, Ohio, and accused of possessing cocaine equal to or exceeding 27 grams but less than 100 grams. Appellant was later indicted with Possession of Cocaine, a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(4)(E). Appellant later entered a plea of guilty to the indictment before the Honorable Gary Yost, sitting by assignment. The trial court accepted the plea and ordered a pre-sentence investigation report ("PSI"). During the change-of-plea hearing, Judge Yost stated:

> So the court does have a lot of discretion in deciding the sentence, Mr. Foster, so I think it's going to be very helpful to have a presentence investigation. So I will order that the Probation Department complete that presentence investigation and submit the report to the court to be considered at sentencing. * * *

{¶3} Appellant interpreted this statement to imply Judge Yost would be presiding over his sentencing hearing and that the judge may be amenable to entering a relatively lighter sentence after review of the PSI.

{¶4} By the time appellant was sentenced, however, Judge Yost's appointment had expired. Newly elected Judge Cynthia Rice presided over sentencing. Prior to imposing sentence, Judge Rice asked appellant and/or defense counsel if there was any reason why the court should not impose sentence? Defense counsel stated she filed various continuances due to a medical issue appellant had been experiencing, and appellant described his medical problems for the court, which included an infection of his sweat gland under his arm. No objections were leveled, however, with the newly elected judge proceeding to sentence; as such, Judge Rice imposed an indefinite term of

2

imprisonment of eight years minimum up to a maximum of 12 years, along with a $10,000 mandatory fine. Appellant filed a delayed appeal and assigns two errors. His first provides:

{¶5} "The trial court erred and abused its discretion when it allowed sentencing to proceed in front of a judge who did not take appellant's plea, contrary to the letter and spirit of Criminal Rule 25(B), expectations given to appellant on record, plain error being implicated."

{¶6} Under this assigned error, appellant contends it was improper to transfer the case from the assigned judge to another judge for sentencing. Specifically, appellant argues that but for the transfer, his sentence may have been different. In particular, appellant claims that Judge Yost's statements relating to appellant undergoing a PSI and the court's review of the PSI prior to sentencing indicated Judge Yost would have a more lenient sentence. Also, appellant claims the trial court violated Crim.R. 25(B) by allowing Judge Rice, the newly elected judge, to preside over his sentence. We disagree.

{¶7} Crim.R. 25(B) provides, "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge * * * may perform those duties."

{¶8} We again note that appellant failed to raise this argument at the sentencing hearing, particularly, after the court asked appellant if there was any reason why it should not proceed with sentencing that day.

{¶9} "It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called

3

but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.""" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.

{¶10} The Ohio Supreme Court has observed that "'[a]ny party objecting to a reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken.'" *In re Disqualification of Cirigliano*, 105 Ohio St.3d 1223, 826 N.E.2d 287, ¶ 26 (2004), quoting *Berger v. Berger*, 3 Ohio App.3d 125, 131, 443 N.E.2d 1375 (8th Dist.1981), *overruled on other grounds*, *Brickman & Sons, Inc. v. National City Bank*, 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151.

{¶11} Accordingly, we review appellant's first assigned error for plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22. Plain error arises only when "but for the error, the outcome of the trial clearly would have been otherwise" and should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraphs two and three of the syllabus.

{¶12} The docket indicates that after the previous judge holding the seat in the Trumbull County Court of Common Pleas retired, Judge Yost was appointed to sit by assignment in the underlying case. Although the formal assignment by the Supreme Court of Ohio is not included in the record, the judgment entries signed by the judge and the

4

transcript of proceedings of the change-of-plea hearing reveal Judge Yost was sitting by assignment. Moreover, the docket reveals that Judge Yost was sitting by assignment on various features of the criminal proceedings.

{¶13} Additionally, Judge Yost's assignment on appellant's case was a result of the Supreme Court of Ohio's assignment platform. Evid.R. 201 governs judicial notice of adjudicative facts, and provides:

> (A) Scope of Rule. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
>
> (B) Kinds of Facts. *A judicially noticed fact must be one not subject to reasonable dispute in that* it is either (1) generally known within the territorial jurisdiction of the trial court or *(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.*
>
> (C) When Discretionary. A court may take judicial notice, whether requested or not.

(Emphasis added)

{¶14} At least one other court, in the context of a criminal proceeding, has observed that a court may take judicial notice of the Supreme Court of Ohio's judicial assignments. *See State v. Caulton*, 7th Dist. Mahoning No. 12 MA 150, 2013-Ohio-2953, ¶ 18 (concluding the court may take judicial notice of Ohio Supreme Court's judicial assignments). The court in *Caulton*, however, did not engage in an analysis of the dimensions of Evid.R. 201. In taking judicial notice of the Supreme Court's certificate of assignment, the court in *Caulton* observed:

> Section 6(C), Article IV of the Ohio Constitution states: " * * * Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the Supreme Court to active duty as a judge * * *." Here, the judgment entries signed by Judge Curran include a caption under the signature line indicating that he was assigned to the matter pursuant

5

> to Section 6, Article IV of the Ohio Constitution. Although the record does not contain a certificate of assignment, on July 15, 2009 the Administrative Judge for the Mahoning County Court of Common Pleas general division requested an open assignment of Judge Curran to serve on the court from July 27 through July 31, 2009. The Chief Justice made that assignment effective July 15, 2009 for the time period in question, and for Judge Curran "to conclude any proceedings in which he participated that are pending at the end of that period." Ohio Supreme Court Judicial Assignment No. 09JA1541. Thus, we may take judicial notice of that appointment. *Marino v. Oriana House, Inc.,* 9th Dist. No. 23389, 2007-Ohio-1823, ¶ 6.

*Caulton* at ¶ 18.

{¶15} Under the circumstances, the fact to be noticed is the assignment certificate of the Supreme Court. We conclude, consistent with *Caulton*, that Judge Yost's assignment is not a fact in reasonable dispute; further, as the assignment is noted on the docket and the various orders entered by Judge Yost, we conclude his assignment was generally known within the territorial jurisdiction of the trial court; and, finally, the assignment was capable of accurate determination by way of the Supreme Court of Ohio's website. We conclude that judicial notice of the assignment was proper.

{¶16} Taking judicial notice of the assignment, Judge Yost's assignment commenced on July 11, 2022 and concluded on October 7, 2022. *See* Ohio Supreme Court Assignment No. 22JA1978. Judge Yost's assignment was still active when he accepted appellant's guilty plea (September 26, 2022), but had expired by the time of the sentencing hearing (February 15, 2023). Even though appellant may have preferred Judge Yost to enter sentence (even though there is nothing to suggest Judge Yost would have ordered a more lenient sentence), the judge did not have authority to preside over sentencing because his assignment had expired nearly four months prior to the

6

sentencing hearing. Judge Yost, therefore, was not able to preside over appellant's sentencing. In short, we conclude Judge Yost was properly assigned to appellant's case but, owing to the finite nature of the assignment, he could not preside over the sentencing hearing.

{¶17} Despite the foregoing, appellant cites *State v. Lewis*, 2d Dist. Montgomery No. 18735, 2002 WL 1048560 (Sept. 14, 2001) in support of his position. In *Lewis*, an acting judge presided over the appellant's trial, which was partially completed, then continued. *Id.* at *1. Upon recommencement of the proceedings, the appellant reached a plea agreement and the acting judge accepted the same. *Id.* For reasons unknown, the acting judge referred the case for sentencing before a different presiding judge. *Id.* Prior to sentencing, the appellant's attorney expressed concerns that the new presiding judge had been friends with a victim's family. *Id.* The appellant filed a motion to recuse the presiding judge because there was an appearance of impropriety and because the acting judge presided over most of the trial and the plea proceedings. *Id.* The motion was overruled by the presiding judge who proceeded to sentence the appellant. *Id.* The appellant appealed. *Id.* at *2.

{¶18} On appeal, the Second Appellate District reversed and remanded the matter, observing:

> Under Crim.R. 25(B), the judge who presided at a criminal trial, or a plea as in this case, must sentence the defendant *unless unable to do so. Beatty v. Alston*, [43 Ohio St.2d 126, 127, 330 N.E.2d 921 (1975)]; *State v. Green,* [122 Ohio App.3d 566, 702 N.E.2d 462 (12th Dist1997)]. There was no finding, nor any indication in the record, as to why Acting Judge Thompson was unable to perform sentencing. As such, we remand the case for Acting Judge Thompson to sentence [the appellant], or in the alternative, for a

7

determination as to why Acting Judge Thompson is unavailable to sentence [the appellant].

(Emphasis added.)  *Lewis* at *4.

**{¶19}** The facts of *Lewis* are distinguishable from this matter.  Here, Judge Yost was properly appointed by the Supreme Court of Ohio for a period expiring well prior to appellant's sentencing.  In other words, Judge Yost was *unable* to preside over the sentencing hearing.  We therefore conclude *Lewis* is not on point.

**{¶20}** In light of the following, the trial court did not err in proceeding to sentencing with the newly elected judge as the presiding judge.  And, even if appellant assumed he might receive a lighter sentence from Judge Yost, we discern no basis for this assumption.  Judge Yost's comments regarding the PSI and the discretionary nature of sentencing were merely vague comments relating to a trial court's authority to impose sentence, not statements to which appellant was entitled to rely regarding a less severe sentence.  Indeed, the comments made by Judge Yost are similar to comments made by many courts of common pleas judges simply as a matter of course.

**{¶21}** Moreover, Judge Cynthia Rice expressly asked at sentencing, "[i]s there any reason why we can't go forward with sentencing today?"  Neither counsel, nor appellant voiced an objection.  Because, however, we find no error in the manner in which the case proceeded, there cannot be plain error.

**{¶22}** Appellant's first assignment of error is without merit.

**{¶23}** Appellant's second assignment of error provides:

**{¶24}** "The appellant's felony sentence was clearly and convincingly contrary to law when the trial court imposed an indeterminate prison sentence in the aggregate of 8

8

Case No. 2023-T-0066

to 12 years, plus fines and costs, despite the appellant's drug treatment and serious health issues."

{¶25} Appellant was sentenced on one count of felony-one cocaine. Felonies of the first degree in Ohio are punishable from three to 11 years in prison. Because the count to which appellant pleaded guilty is an offense subject to Ohio's indefinite sentencing, the court was obligated to impose a minimum (actual) term and an indefinite (potential) term (minimum plus half of the minimum). Appellant received a prison term of a minimum of eight years and maximum, indefinite term of 12 years.

{¶26} Appellant does not take issue with the statutory validity of the sentence; rather, he challenges the "excessive" nature of the term. Appellant maintains that the trial court, in entering sentence, did not adequately consider his drug treatment and health issues as mitigating factors under R.C. 2929.11 and R.C. 2929.12. In effect, appellant asks this court to re-weigh the felony sentencing factors and reverse the matter based upon the trial court's alleged failure to comport with the factors.

{¶27} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," and it "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism[.]" R.C. 2929.12(A).

{¶28} Appellant cites R.C. 2953.08(G)(2)(a) as our standard of review for felony sentencing matters. However, division (G)(2)(a) of that statute only applies to challenges to sentences imposed under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I). Appellant's R.C. 2929.11 and R.C. 2929.12 challenges are not

9

proper under R.C. 2953.08(G)(2)(a). *See State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 7.

{¶29} Further, with respect to Division (G)(2)(b) of R.C. 2953.08 under *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 27-29, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court "must simply analyze whether the sentencing court's findings for those sentences are contrary to law." *Shannon* at ¶ 11. *Jones* held that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' *e.g., Black's Law Dictionary* 328 (6th Ed. 1990)." *Jones.* at ¶ 34. *Jones*, however, held that the phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12[.]" *Jones* at ¶ 34.

{¶30} Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *Shannon* at ¶ 11, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.); *see also State v. Wilson*, 11th Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18. The Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12.'" *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

Case No. 2023-T-0066

{¶31} "But an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32.

{¶32} Further, this court has frequently noted that "even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *Shannon*, 2021-Ohio-789, at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24; *State v. Blake*, 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶ 16.

{¶33} Judge Cynthia Rice's judgment entry demonstrates that the court considered the factors under R.C. 2929.11 and R.C. 2929.12. Because appellant's sentence is within the statutory range and the statutory factors were considered, we conclude the trial court's sentence is not contrary to law.

{¶34} Appellant's second assignment of error lacks merit.

{¶35} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

11

Case No. 2023-T-0066